THE STATE ex inf. JOHN T. BARKER, Attorney-
General, v. ALLEN C. SOUTHERN and OLIVER
C. SHELEY.

THE STATE ex rel. ALLEN C. SOUTHERN v.
MILES BULGER et al., Judges of the County
Court of Jackson County.

**In Banc, June 1, 1915.**

1. **COUNTY HIGHWAY ENGINEER: Qualifications.** That part of
   the statute which forbids the county court to appoint to the
   office of county highway engineer a person lacking certain pre-
   scribed qualifications, has no application to a highway engineer
   elected by the people or appointed by the Governor to fill a
   vacancy.

2. **SPECIAL AND GENERAL LAWS: Population and Wealth:
   Restrictions.** A statute which relates to a class of persons
   or a class of things is general, and one which applies to par-
   ticular persons or things is special. The classification made by
   the General Assembly must rest upon a reasonable basis, and
   not upon a mere arbitrary division made only for the purposes
   of legislation; for instance, a classification of counties based
   upon population may be reasonable and valid; nor will a gen-
   eral classification based upon population be rendered special,
   by a further restriction requiring the county to possess a named
   amount of assessed wealth or requiring it to embrace or adjoin
   a city containing a specified population; but when the re-
   strictions so narrow the classification by population or wealth,
   as to make it unmistakably apparent that only one county was
   intended to be included therein, then such classification is
   not general, but is special and void.

3. ————: ————: ————: **County Highway Engineer.** The first
   proviso to section 10556, Revised Statutes 1909, which says that
   "in all counties in this State which contain or which may
   hereafter contain more than fifty thousand inhabitants, and
   whose taxable wealth exceeds or may hereafter exceed the sum
   of forty-five million dollars, or which adjoin or contain therein,
   or may hereafter adjoin or contain therein, a city of more than
   one hundred thousand inhabitants by the last decennial census,
   the county surveyor shall be *ex officio* county highway engi-
   neer," does not violate the constitutional provision inhibiting the
   enactment of special or local laws.

4. ——: ——: ——: ——: Intended by Circumlocution to Apply to Only One County. On the other hand, the further proviso in said section which says that "in all counties in this State which contain or may hereafter contain two hundred thousand and less than four hundred thousand inhabitants, and which county or counties contain one hundred and fifty miles or more of macadamized roads, outside of municipal corporations, and which county or counties pay to the county surveyor a salary of three thousand dollars or more annually, the county surveyor of such county or counties shall be *ex officio* county highway engineer," is a special and local law, which by its specifications and circumlocutions points out Jackson county as the only county to which it could apply; and being a separate and independent attempt to create an additional class of counties, the prior valid proviso is not affected by its elimination.

5. COUNTY HIGHWAY ENGINEER: Vacancy: How Filled. Since the second proviso of section 10556, Revised Statutes 1909, is unconstitutional and invalid, and the first proviso thereof, providing that the county surveyor shall be *ex officio* county highway engineer, is general and valid, the county court of Jackson county has no power to fill a vacancy in the office of county highway engineer, caused by the death of the county surveyor, but such vacancy is to be filled by the appointment of the Governor of a person to fill the office of county surveyor, and such appointee by virtue of such appointment becomes *ex officio* county highway engineer.

## *Quo warranto* and *Certiorari.*

WRIT OF QUO WARRANTO QUASHED AS TO RESPONDENT SOUTHERN AND SUSTAINED AS TO RESPONDENT SHELEY.

JUDGMENT OF COUNTY COURT QUASHED ON CERTIORARI.

*Sparrow & Page* for Allen C. Southern, relator and respondent.

Sec. 10556, R. S. 1909, is a general, and not a special law, and is therefore, not violative of Pars. 2, 32 or 33, Sec. 53, Art. 4. Constitution of Missouri. Ex parte Loving, 178 Mo. 203; State ex rel. v. Pond, 93 Mo. 620; State v. Walsh, 136 Mo. 405; Elting v. Hickman, 172 Mo. 257; State ex rel. v. Yancey, 123 Mo. 391;

Lynch v. Murphy, 119 Mo. 163; State ex rel. v. County Court, 128 Mo. 427; State ex inf. v. Insurance Co., 150 Mo. 113; State v. Hays, 88 Mo. 344; State ex inf. v. Fleming, 147 Mo. 1; State v. Keating, 202 Mo. 197; State ex rel. v. Speed, 183 Mo. 186.  The Attorney-General, in his reply to the return of respondent Sheley, having relied upon the constitutionality of section 10556, is estopped in his action against respondent Southern, from asserting that the section is unconstitutional.  8 Cyc. 793; State ex rel. v. Board of Liquidators, 28 La. Ann. 121; New Orleans v. Bank, 167 U. S. 371; Driving Park v. Kansas City, 174 Mo. 425.

*Hadley, Cooper & Neel, W. M. Williams* and *John S. Wright* for respondent Sheley; *Edward L. Scarritt* and *Cyrus Crane* of counsel.

(1)  The matter in controversy is properly before this court under the *quo warranto* and not the *certiorari* proceeding, as the action of the county court in appointing Sheley was purely administrative.  State ex rel. v. Harrison, 141 Mo. 12.  (2)  Sheley is the lawfully constituted and appointed highway engineer of Jackson county, because: 1st.  The last proviso in Sec. 10556, R. S. 1909, applicable to Jackson county alone, and the two preceding provisions, both applicable to Jackson county and St. Louis county and one to Buchanan county and Clay county, to the effect that the County Surveyor shall be *ex officio* Highway Engineer, are void as violative of pars. 2, 15, 32 and 33, Sec. 53, Art. 4, Constitution of Missouri.  (a)  The provisions are local and special legislation, not applicable to other counties generally and not justified by any peculiar necessity therefor.  State ex rel. v. Roach, 258 Mo. 561; State ex rel. v. County Court, 89 Mo. 337; State ex rel. v. Hermann, 75 Mo. 340; State ex rel. v. Williams, 232 Mo. 53; State ex rel. v. Miller, 100 Mo. 477; State ex rel. v. Railroad, 246 Mo. 512; Bridges

v. Mining Co., 252 Mo. 53. (b) Such local legislation is unconstitutional where, as here, a general law existed and could have been made applicable. State ex rel. v. Roach, 258 Mo. 566; Wooley v. Mears, 226 Mo. 41; State ex rel. v. Williams, 232 Mo. 74; Hays v. Mining & Milling Co., 227 Mo. 300; Murane v. St. Louis, 123 Mo. 479; 1 Lewis's Sutherland on Statutory Construction (2 Ed.), sec. 191. (c) The last proviso aforesaid is special legislation because it prescribes local conditions existing at and limited to the time of the passage of the act. State ex rel. v. Herrmann, 75 Mo. 340. (d) Except for such void provisos, the county court had full power and discretion to appoint Sheley. Section 10551, R. S. 1909. 2nd. Even if the provisos were unconstitutional, they must be construed, when taken together with the remaining sections of the act and the manifest intent of the Legislature, to require the appointment by the county court of a competent, qualified engineer when the county surveyor was unqualified, and Southern's appointment was void insofar as the *ex officio* function of Highway Engineer was concerned because he was not qualified. Sec. 10551, R. S. 1909; State ex rel. v. King, 44 Mo. 283; Gist v. Construction Co., 224 Mo. 379, 388; Perry v. Strawbridge, 209 Mo. 636; Rutter v. Carothers, 223 Mo. 642; State ex rel. v. McQuillin, 246 Mo. 534; State ex rel. v. Seehorn, 246 Mo. 576; State ex inf. v. Amick, 247 Mo. 282; Gasconade County v. Goodson, 241 Mo. 581; State ex rel. v. Ryan, 232 Mo. 92; Glaser v. Rothschild, 221 Mo. 209; State v. Eckhardt, 232 Mo. 53. 3rd. Independent of statute, Southern's appointment was void as a matter of law, insofar as the *ex officio* function of Highway Engineer was concerned because he was not qualified. State ex rel. v. Newman, 91 Mo. 445; State ex rel. v. Meek, 129 Mo. 437; Mechem's Public Offices and Officers, sec. 83,

p. 31; Throop on Public Officers, sec. 73; People ex rel. v. Board, 129 N. Y. 360.

*A. L. Cooper* for respondent Judges of County Court.

## I.

BOND, J.—Two original proceedings were instituted in this court. One is a *certiorari* sued out by Allen C. Southern, as shown in the above caption, against the three justices of the county court of Jackson county, Missouri, to quash its judgment entered on the 8th of March, 1915, in the following form:

"The court finds. that a vacancy exists in the office of County Highway Engineer of this county.

"Wherefore, it is now ordered by the court that Oliver C. Sheley, Jr., a resident of Jackson county, Missouri, who possesses the qualifications required by law, be and he is hereby appointed County Highway Engineer of Jackson county, Missouri, for a term ending on the first Monday in February, 1916. His compensation is fixed at two thousand dollars per annum, payable in equal monthly installments. He shall furnish a bond, conditioned as required by law, in the sum of fifty thousand dollars, to be approved by this court. The bonds of his assistants are fixed at one thousand dollars, each to likewise be approved by this court."

Two of said justices concurring in the above and one dissenting thereto.

After notice of the application for said writ of *certiorari,* the Attorney-General, on the 5th day of April, 1915, brought the second proceeding shown in the above caption as an information in the nature of a *quo warranto,* charging that the defendants thereto, to-wit, Allen C. Southern and Oliver C. Sheley, Jr., were unlawfully exercising the office of County High-

way Engineer within and for the county of Jackson
and State of Missouri. An order to show cause was
made by this court on said date, to which the defend-
ants respectively made returns. Defendant Allen C.
Southern stated in his return in substance that he was
appointed by the Governor of this State on February
3, 1915, to be County Surveyor of Jackson county,
Missouri, to succeed Rowland T. Proctor, who had been
elected to that office but had died prior to the expira-
tion of his term; that respondent Allen C. Southern
was duly commissioned and having duly qualified him-
self as required by the laws of Missouri, entered up-
on the duties of said office; that by virtue of his said
appointment and qualification and the provisions of
section 10556, Revised Statutes 1909, he became *ex
officio* County Highway Engineer of said county, and
with legal right and authority has continued to exer-
cise and perform the duties of said office.

Respondent Oliver C. Sheley, Jr., in his separate
return averred that he was lawfully holding the office
of County Highway Engineer in that the section of the
statute relied upon to support the title of respondent
Southern under the appointment by the Governor was
unconstitutional, and hence the county court of Jack-
son county "on March 8, 1915" (by virtue of the terms
aforesaid), there then being a vacancy in the office of
County Highway Engineer, appointed him, the said
Sheley, pursuant to section 10551, Revised Statutes
1909, for a term expiring at the first meeting of said
court in February, 1916, and that he accepted said ap-
pointment and qualified and entered upon the duties
of said office. He further avered that the said South-
ern was ineligible to the office in question, and con-
cluded his return by praying judgment sustaining his
title to said office. It was stipulated by the parties
that the two preceedings should be heard together, and
they further stipulated upon an agreed state of facts

whereon they should be disposed of in this court in the following form:

"For the purpose of the hearing of this cause in the above court, it is hereby agreed and stipulated by and between John T. Barker, Attorney-General, informant, and Sparrow & Page, attorneys for Allen C. Southern, respondent, in the above entitled cause, as follows:

"1. It is agreed that Rowland T. Proctor was at the general election held November 5, 1912, elected to the office of County Surveyor of Jackson county, Missouri, for a term of four years; that said Proctor qualified as such County Surveyor as required by law; that on or about January 6, 1915, said Proctor, while holding said office of County Surveyor of Jackson county, departed this life.

"2. It is further agreed that on February 3, 1915, respondent Allen C. Southern was by Elliott W. Major, Governor of the State of Missouri, appointed and commissioned County Surveyor of said Jackson county, to succeed said Rowland T. Proctor, deceased, and to serve the unexpired term of said Proctor; that thereafter, and on or about February 17, 1915, said Southern qualified in the manner, within the time, and as required by law, as such County Surveyor of Jackson county.

"3. It is further agreed that at the date of the election of said Rowland T. Proctor, County Surveyor of Jackson county, and of respondent Southern's appointment and commission as his successor, said Jackson county had, and now has, a population of more than fifty thousand inhabitants; that during all said time the taxable wealth of said county exceeded, and now exceeds, the sum of forty-five million dollars; that during all said time, said Jackson county contained, and now contains therein, a city of more than one hundred thousand inhabitants by the last decennial census, to-wit, the city of Kansas City.

"4. It is further agreed that at the time of the election of said Rowland T. Proctor to the office of County Surveyor of said Jackson county, and of respondent Southern's appointment and commission as his successor, said county contained, and now contains, two hundred thousand and less than four hundred thousand inhabitants; that at said time, said county had, and now has, 150 miles or more of macadamized roads outside of municipal corporations, and paid, and now pays, its County Surveyor, an annual salary of three thousand dollars or more."

It is upon the foregoing pleadings and stipulation that this cause is now before the court for final determination.

The two statutes, whose interpretation is necessary to a decision of this case, are, to-wit:

"Sec. 10551. There is hereby created in the several counties of the State of Missouri the office of county highway engineer, and the county courts of each county in this State are hereby authorized and empowered to appoint, and shall appoint, a highway engineer within and for their respective counties at the first meeting of such court in the month of February, 1910, and each year thereafter. Such county highway engineer so appointed shall serve for a period of one year and until his successor is appointed and qualified. Any vacancy occurring in the office of county highway engineer, from any cause, shall be filled by appointment by the county court."

"Sec. 10556. The county court of the several counties in this State may, in their discretion, appoint the county surveyor of their respective counties to the office of county highway engineer, provided he be thoroughly qualified and competent, as required by this article; and, when so appointed, he shall receive the compensation fixed by the county court, as provided in section 10553, in lieu of all fees, except such fees as are allowed by law for his services as

county surveyor: *Provided,* that in counties in which the provisions of this article with reference to the appointment of a county highway engineer have not been suspended as hereinafter provided, the county surveyor may refuse to act or serve as such county highway engineer, unless otherwise provided by law. In the event that the county highway engineer cannot properly perform all the duties of his office, he shall, with the approval of the court, appoint one or more assistants, who shall receive such compensation as may be fixed by the court: *provided, however, that in all counties in this State which contain or which may hereafter contain more than fifty thousand inhabitants, and whose taxable wealth exceeds or may hereafter exceed the sum of forty-five million dollars, or which adjoin or contain therein, or may hereafter adjoin or contain therein, a city of more than one hundred thousand inhabitants by the last decennial census, the county surveyor shall be ex officio county highway engineer,* and his salary as surveyor and *ex officio* county highway engineer shall be not less than two thousand dollars and not more than three thousand dollars, as may be fixed by the county court, and all fees collected in such counties by the surveyor, for his services as surveyor, shall be paid into the county treasury, to be placed to the credit of the county revenue fund; *provided,* also that in the counties last above mentioned the county surveyor, as surveyor and *ex officio* county highway engineer, may appoint, subject to the approval of the county court, such assistants as may be necessary, and no assistant shall receive more than twelve hundred dollars per annum; *provided further, that in all counties in the State which contain or may hereafter contain two hundred thousand and less than four hundred thousand inhabitants, and which county or counties contain one hundred and fifty miles or more of macadamized roads, outside of municipal corporations, and which county*

*or counties pay to the county surveyor a salary of*
*three thousand dollars or more annually, the county*
*surveyor of such county or counties shall be ex officio*
*county highway engineer.* [Laws 1909, p. 755.]"—
(Italics ours).

## II.

The question upon which the relative rights of the
rival claimants to the office of Highway Engineer for
Jackson county depends, is whether the portion of the
statute applicable in terms to the agreed statement of
facts is violative of the Constitution, article 4, section
53, or any of its paragraphs.

Aside from the particular, special and local laws
prohibited by the Constitution, the Legislature is un-
trammeled in the enactment of such laws and may do
so in all other cases. [State ex rel. v.

**Constitutional Statute: Special Law.** Speed, 183 Mo. 186; Haeussler v. City of
St. Louis, 205 Mo. 656; State v. Chris-
topher, 212 Mo. 244.]

To bring a statute under this ban of the Constitu-
tion, the specific subdivision violated must be pointed
out, and the fact must be established beyond any rea-
sonable doubt, for it is a canon of construction that no
act of the lawmaking power of this State will be an-
nulled by the judiciary when it can be upheld on any
rational theory of the limitations imposed by the Con-
stitution on the otherwise plenary power of the Legis-
lature to enact any law, not opposed to the Federal
Constitution, on any subject which its views of State
polity may suggest.

Before discussing the question of the validity of
the portion of the statute in hand, it is well to say that
there is no merit in the suggestion of respondent
Sheley that respondent Southern is ineligible to the of-
fice of County Highway Engineer for lack of certain
statutory qualifications prescribed in those cases

where the county court has power to appoint a Highway Engineer. For those restrictions are neither within the words nor the intendment of the portion of the statute, which deprives the county court of the right to exercise the appointing power. Hence, if this portion of the statute is constitutional, then the appointment is automatically vested in the person holding the office of County Surveyor, and upon the death of such person (as in the case at bar), thereby creating a vacancy his successor, whose appointment is confessedly within the power of the Governor of the State, succeeds also *ex officio* to the office of County Highway Engineer. And as no provision appears anywhere in the statute, which makes the *ex officio* right of a person elected by the people to the office of County Surveyor, to the office of County Highway Engineer, dependent upon any of the statutory qualifications which apply to those cases in which the county court is permitted to appoint the County Highway Engineer; so no such qualification can extend to the *ex officio* rights of the successor of a deceased county surveyor. It is clear, therefore, that the single question on this appeal is as to the constitutional validity of the clauses of the act providing in certain contingencies that an elected County Surveyor shall be *ex officio* a County Highway Engineer.

The statute proposes to accomplish this by two distinct and separate provisions, which will be useful to consider in the order in which they appear in the statute. The first is, to-wit:

"Provided, however, that in all counties in this State which contain or which may hereafter contain more than fifty thousand inhabitants, and whose taxable wealth exceeds or may hereafter exceed the sum of forty-five million dollars, or which adjoin or contain therein, or may hereafter adjoin or contain therein, a city of more than 100,000 inhabitants by the last

decennial census, the county surveyor shall be *ex officio* county highway engineer.''

Then follow provisions as to his salary and as to his appointment of assistants.

The rule that a statute which relates to a class of persons or a class of things is general, while one which only applies to particular persons or things is special, has been generally announced in this and other jurisdictions. [State ex rel v. Taylor, 224 Mo. 1. c. 477, 478, and cases cited; Elting v. Hickman, 172 Mo. 257, and cases cited; The State ex rel. Dickason v. County Court of Marion County, 128 Mo. 427; Lynch v. Murphy, 119 Mo. 163; State ex rel. Lionberger v. Tolle, 71 Mo. 1. c. 650.]

It is, however, an essential adjunct of this rule that the classification made by the Legislature shall rest on a reasonable basis and not upon a mere arbitrary division made only for purposes of legislation. [State ex rel. v. Roach, 258 Mo. 1. c. 563; Hawkins v. Smith, 242 Mo. 1. c. 696.] When this is borne in mind, and a statute is enacted upon a basis justifying its classification and is made to apply to all persons who may hereafter fall within its purview, it is not special legislation.

The clause of the statute now under review classifies the counties of the State as they should then or *thereafter* contain more than fifty thousand inhabitants, and should have then or thereafter taxable wealth exceeding forty-five million dollars, or as they should adjoin or contain then or thereafter a city of more than one hundred thousand inhabitants.

It has been repeatedly decided in this State that classification according to population was sufficient to render an act containing such a classification a general law. [State ex inf. Crow v. Continental Tobacco Co., 177 Mo. 1; State ex rel v. County Court, 128 Mo. 1. c. 442; State ex rel. v. Bell, 119 Mo. 70.] Nor has the rule as to such a standard been altered by the fact that

such an act has been found applicable only to one city. [State ex inf. Crow v. Fleming, 147 Mo. 1; State ex rel. v. Mason, 55 Mo. 486; State v. Keating, 202 Mo. 197; State ex rel. v. Speed, 183 Mo. 186; Ex parte Lucas, 160 Mo. 218.] The evident motive of the Legislature in the enactment of the clause under consideration was to classify the counties of the State as they then or in the future might have a population exceeding fifty thousand and taxable property exceeding forty-five million dollars, for the reason that the counties which should fall within such a class would naturally have different and greater needs, corresponding to the differences between their condition and other counties of less population and less wealth. Neither did the Legislature lose sight of this object in the disjunctive part of the sentence, which provided that counties adjoining or containing then or in the future a city of more than one hundred thousand inhabitants should belong to the same class. The purpose in each clause of the sentence was to create a distinction based upon differences in population and in wealth, for, if, as the Legislature rightfully assumed, counties of fifty thousand inhabitants would acquire coincidentally a taxable wealth of forty-five million dollars, it might be well assumed that such counties would not have less wealth when they should *embrace* or adjoin cities containing one hundred thousand inhabitants. We judicially know that such classification would cause the act in question to apply to a number of counties in this State, and we are unable to see any good reason why the lawmaking power should not have created the classification as set out in the above quoted portion of the statute with a view of having it applied *as it does in terms* to all counties that may *hereafter* become subject to its provisions, in view of the evident fact that it will necessarily apply to an increasing number of counties as the State shall progress in wealth and population. Our conclusion is, that this provision of

the statute is not obnoxious to the provisions of the Constitution forbidding the enactment of certain special laws.

### III.

There remains to consider a final proviso con-
Special Law: tained in the section of the statute and
Applicable to its relation to the one construed in
Only One
County: the preceding paragraph. That pro-
Circumlocation. viso is, to-wit:

"*Provided further,* that in all counties in this State which contain or may hereafter contain two hundred thousand and less than four hundred thousand inhabitants, and which county or counties *contain* one hundred and fifty miles or more of macadamized roads, outside of municipal corporations, and which county or counties *pay* to the county surveyor a salary of three thousand dollars or more annually, the county surveyor of such county or counties shall be *ex officio* county highway engineer." (Italics ours).

It will be perceived by the language of this concluding clause the Legislature attempted to create a classification of counties falling within the limits of population of two hundred thousand minimum and four hundred thousand maximum, eschewing all others, and further specifying that such counties should *now* contain a certain number of miles of macadamized roads, which should be outside of other cities, and that their county surveyor should receive a salary of three thousand dollars or more. This proposed classification is not based upon a natural division of counties according to general standards of population and wealth, but purports to rest upon a selected number of inhabitants not less than a given amount and not *beyond* a fixed limit. The Legislature must have known that this favored intermediary state had only been reached by Jackson county, Missouri.

It also must have been aware that said county alone possessed outside of its towns 150 miles of macadamized roads and was then paying its County Surveyor a salary of three thousand dollars per year. [R. S. 1909, sec. 10737.] It is seen at a glance that this proviso dealt exclusively with existing conditions as to its application, except as to the matter of population, as to which it purported to include such counties as might hereafter enter the particular zone of legislation. The proviso at the time of its enactment could not have applied to any other than Jackson county. Its terms negative any other basis for its enactment than an arbitrary prescription of a specific stage of the growth of population of the county and a present particular kind and extent of road mileage, and a *present* payment of a certain salary of a county surveyor. These specifications as infallibly pointed out Jackson county (containing therein Kansas City) as if, instead of such circumlocution, the proviso had mentioned that county by name.

We recognize as a matter of judicial knowledge and public history that when enacted this proviso could not have applied to any other county in this State. It cannot be said that it created a future class into which other counties might fall, for an inspection of its language shows that the *determining* conditions of its application are expressed in words of present import. [State ex rel. v. Herrmann, 75 Mo. l. c. 352.]

Our conclusion is, that the final proviso of the section set out in this paragraph affords convincing intrinsic evidence of its repugnancy to the provisions of the Constitution limiting the power of the General Assembly to enact local or special laws, and that it should be expunged in the eye of the law from the section of the statute of which it forms the conclusion.

It remains to inquire whether the invalidity of the proviso set out in this paragraph affects, by inter-

relation or inter-dependence, the prior valid proviso contained in said section? It does not. It is a distinct, separate and independent attempt to create an additional class of counties wherein the surveyor shall be also highway engineer, which does not in any way or method affect the creation of the class defined in paragraph two of this opinion. In such cases, the rule is clear that the unconstitutionality of one class or portion of an act or section of a statute will not affect others not subject to its infirmity. [Simpson v. Iron Works, 249 Mo. 1. c. 391, and cases cited; Haag v. Ward, 186 Mo. 1. c. 341; St. Louis & San Francisco Ry. Co. v. Evans & Howard Brick Co., 85 Mo. 307.]

## IV.

It results from the conclusions stated above that the respondent Southern, under the facts in this record and by virtue of his appointment as County Surveyor of Jackson county, is also *ex officio* County Highway Engineer, and hence the action of the majority of the county court of Jackson county adjudging a vacancy to exist in the office of County Highway Engineer and purporting to appoint respondent Sheley thereto, was in excess of its lawful power and jurisdiction. It is therefore ordered that the writ of *quo warranto* be quashed as to defendant Southern and be sustained against respondent Sheley, on the ground of unlawful intrusion into the office of County Highway Engineer, and that he be ousted of any right or authority to exercise any of the duties of said office, and that the judgment of the county court declaring a vacancy to exist in said office be quashed and for naught held upon the *certiorari* in this case. It is so ordered.

All concur except *Faris, J.,* who dissents.