[No. 22728.   En Banc.   October 10, 1930.]

THE STATE OF WASHINGTON, *on the Relation of E. L. Allen, Appellant,* v. LAURA SCHRAGG, *Respondent.*[1]

*Wm. O. Lewis,* for appellant.

*The Attorney General, E. W. Anderson, Assistant,* and *Richard B. Ott,* for respondent.

MAIN, J.—E. L. Allen, the relator, brought this action to compel the county auditor of Adams county to place his name upon the primary election ballot as a candidate for the office of assessor of that county. The trial resulted in a judgment dismissing the relator's application, from which judgment he appealed.

The case was heard in this court on the second day of September, 1930, and at that time an order was entered affirming the judgment of the superior court,

[1]Reported in 292 Pac. 410.

which order recited that a formal opinion would later be prepared and filed. The reason for filing the order was that the attendant circumstances were such that an immediate decision was necessary.

The appellant is a resident, citizen and qualified elector of Adams county, and is eligible for the office of county assessor of that county, if there be such an office. He presented to the county auditor, for filing, his declaration of candidacy, accompanied by the filing fee, and was informed by the county auditor that his name would not be printed upon the ballot in the absence of a court order directing that it be done.

The question is whether, in Adams county, there is, at the present time, such an office as that of assessor. This question depends upon whether chapter 148 of the Laws of 1925, Ex. Ses., p. 411 (Rem. 1927 Sup., § 4200-1), which classifies counties, fixes the compensation of county officers, and consolidates certain county offices, is a constitutional enactment.

Section 1 of that act classifies the several counties of the state according to population into thirteen separate classes, and, in part, provides:

"Counties containing a population of 5,000 and less than 8,000 shall belong to and be known as counties of the sixth-B class: Provided, That counties containing a population of 5,600 and less than 6,000 shall belong to and be known as counties of the sixth-A class." Rem. 1927 Sup., § 4200-1.

Adams county has a population, according to the census for the year 1930, of 7,714 people, and is a county of the sixth-B class, as classified in the act referred to. At the time the 1925 statute was passed, according to the 1920 census, only one county had a population of between 5,600 and 6,000.

Section 4 of the act provides that, at the general

election in the year 1926, and quadrennially thereafter, there shall be elected in each county of the sixth-B class:

". . . a county treasurer who shall, in addition to the powers and duties of treasurer, exercise all the powers and perform all the duties now, or that may be, by law vested in or imposed upon the county assessor of such county, and no assessor shall be elected in such county in the year 1926 or thereafter."

It is first contended that the statute is unconstitutional because, at the time it was passed, only one county in the state had a population of between 5,600 and 6,000. It is said that this makes the statute a special and not a general law.

Section 5 of art. XI of the constitution of this state provides that the legislature may "by general laws classify the counties by population . . ." A special law is one which relates to particular persons or things, and a general law is one which applies to all persons or things of a class. In *Spokane & Eastern Trust Co. v. Hart,* 127 Wash. 541, 221 Pac. 615, quoting with approval from *Young Men's Christian Association v. Parish,* 89 Wash. 495, 154 Pac. 785, it was said:

"The authorities are in substantial harmony upon the rule by which a law is to be tested to determine whether it is general or special. A special law is one which relates to particular persons or things, while a general law is one which applies to all persons or things of a class. A law is general when it operates upon all persons or things constituting a class, even though such class consists of but one person or thing; but the law must be so framed that all persons or things constituting the class come within its provisions."

The immediate inquiry, then, is whether the fact, if it be a fact, that only one county in the state had a population between 5,600 and 6,000 when the act was

passed, makes it a special and not a general law. The rule on this question, supported by the authorities, is that a classification according to population does not make the statute a special law, though in fact it applies only to one city or county, if the act is prospective in its operation and any city or county which at any time attains the requisite population may come under its provisions. *State ex rel. Barker v. Southern,* 265 Mo. 275, 177 S. W. 640; *McLaughlin v. Ford,* 168 Ark. 1108, 273 S. W. 707; *Crockett v. Mathews,* 157 Cal. 153, 106 Pac. 575.

The statute in question does not classify counties according to any particular census, and is prospective in its operation. One or more counties may, from time to time, be in different classes, depending upon whether the population thereof remains static, increases or diminishes. The law is not unconstitutional because, at the time of its enactment, only one county happened to be at that time within one of the classifications.

It is also contended that, after the legislature had classified counties containing a population of between 5,000 and 8,000 as counties of the sixth-B class, it could not, by proviso, carve out of that classification and make another classification of counties of between 5,600 and 6,000. The act is unusual in that the classification throughout is not consecutive, but we see no reason why this should operate to invalidate it. The legislature's purpose is made plain, and the fact that the classification is not consecutive throughout is immaterial. In *State ex rel. Hunt v. Tausick,* 64 Wash. 69, 116 Pac. 651, 35 L. R. A. (N. S.) 802, it was held that a law authorizing cities of the second class and cities of the third class having a certain population to adopt a commission form of government was not in-

72

valid, although it created a new classification within the old classes.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, PARKER, TOLMAN, HOLCOMB, and MILLARD, JJ., concur.