# W. W. BRIDGES v. HOLDOUT MINING COM-PANY, Appellant.

### Division Two, June 28, 1913.

SPECIAL LAW: Docket Fee: Applicable to One County. A law providing that "in all counties in this State which now constitute or may hereafter constitute a separate judicial circuit with two judges of the circuit court and having no criminal court, the circuit clerk shall tax and collect a docket fee of three dollars in each case filed in said court," except in criminal cases and tax suits, is a special law and unconstitutional; although it contains language usually found in general statutes, in fact it can apply to only one county, and was meant to so apply.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

REVERSED AND REMANDED.

*Frank L. Forlow* for appellant.

(1) The only question to be determined in this cause by the court is, whether or not the trial court had the right to require the defendant to pay into the office of the clerk of the circuit court a filing fee of three dollars, before the defendant should have the right to a trial of its cause on appeal to said court, for the defendant had fully performed every other requirement of the law to perfect its appeal, except to pay this fee of three dollars on or before the second day of such October term to which the appeal was returnable. It is conceded, that if the trial court had the right to exact the payment of this fee from the defendant, then the defendant did not perfect its appeal so far as paying it to the clerk of the court before the second day of the term. The right of the circuit court to affirm the judgment of the justice where the

appellant fails to pay this so-called fee on or before the second day of the term to which the appeal is returnable is not questioned, if the exacting of the fee is valid under the law. (2) The appeal in this case was taken to the Supreme Court before this court handed down the opinion in the case of Hays v. Mining and Milling Company, 227 Mo. 288. In this case it is held by the Supreme Court that the act of the Legislature approved March 19, 1901 (Laws 1901, p. 115), undertaking to tax litigants in the circuit court three dollars which was to be paid into the county treasury was unconstitutional and void. (3) Then if the law in this State is correctly declared in the Hayes case, it follows that the trial court in this case was wrong, in holding that the defendant had not paid the filing fee to the clerk in time, and for that reason affirming the judgment of the justice of the peace, and refusing to set aside such judgment of affirmance upon motion duly and timely made by the defendant. And in refusing to strike out the motion of plaintiff on the motion by defendant. (4) The act in question is violative of the said section and article of the Constitution in this: That it is a special and local law relating to cases where a general law could have been made applicable; that it is a special and local law regulating the affairs of counties and regulating the practice and jurisdiction in judicial proceedings.

*Thompson & Thompson* and *E. W. Blair* for respondent.

BROWN, P. J.—Action for personal injuries. From a judgment for plaintiff defendant appeals.

The issue tendered by this appeal does not directly relate to the merits of the above entitled cause, but grows out of the action of the circuit court of Jasper county in affirming the judgment of a justice of the peace of that county on the ground that de-

fendant, who was also the appellant below, neglected to pay a docket fee of three dollars, as required by an act of the General Assembly of 1901, now section 4053, Revised Statutes 1909.

The appellant, by proper procedure, challenges the constitutionality of section 4053, supra, on the ground that it is "in conflict with section 53, article 4, of the State Constitution; that it is a special and local law, relating to cases where a general law could have been made applicable."

Said section 4053, supra, reads as follows:

"In all counties in this State which now constitute or may hereafter constitute a separate judicial circuit with two judges of the circuit court and having no criminal court, the circuit clerk shall tax and collect a docket fee of three dollars in each case filed in said court, which fee shall be collected at the time of filing such case, and shall be paid by the party instituting such suit or filing a transcript on *certiorari* or appeal. The amount of such docket fee shall be taxed in favor of the party paying the same as other costs in said case; *Provided,* that nothing in this section shall be construed to require the payment of said docket fee in any criminal proceeding or in prosecutions for a violation of any municipal ordinance; and provided further, that in suits for delinquent taxes, the prepayment of said docket fee shall not be required, but the same shall be taxed and collected as other costs in such cases."

Section 4054 provides that the docket fee to be collected under the foregoing section shall be paid into the county treasury.

Respondent has not favored us with any brief.

The appellant concedes that the sole issue presented here for reversal is whether or not the above statute is a local or special law enacted in violation of the above quoted provision of the Con-

stitution. It seems that the framers of our organic law were especially apprehensive that future legislatures of the State would undertake to harass the people with obnoxious special or class legislation. After enumerating numerous kinds of special and local laws which should not be enacted they inserted the following provision in the Constitution:

*Special Law: Applicable to Only One County.*

"In all other cases where a general law can be made applicable, no local or special law shall be enacted; and whether a general law could have been made applicable in any case is hereby declared a judicial question, and as such shall be judicially determined, without regard to any legislative assertion on that subject." [Par. 32, sec. 53, art. 4, Constitution of Missouri.]

The clause of the Constitution last quoted is significant. We cannot suppose that its authors were endowed with the gift of prophecy, but they were undoubtedly men of splendid foresight.

The precise issue presented by this appeal has recently been adjudicated by Division One of this court. [Hays v. Mining & Milling Co., 227 Mo. 288.] In that case the same contention asserted by the appellant in this case was sustained.

When the litigation in a county or a city is so great as to entail unusual expense on such county or city there may arise some justification for requiring the payment of a docket fee to such county to lighten the burden of taxpayers therein. No such exigency seems to have been in the minds of the members of the General Assembly when section 4053, supra, was enacted. Where there arise so many criminal prosecutions in a community that it becomes necessary to establish and maintain a separate criminal court to dispose of such cases, the expense of such criminal cases is likely to create a greater burden

upon the city or county treasury than where the litigation is mostly confined to civil cases. However, the law in judgment singles out the class of counties which have no criminal courts, and where we may infer there would be the least excuse for compelling litigants to pay increased court costs, and requires them to pay a docket fee of three dollars towards the support of the county government.

This law seems to have been adroitly framed so that it would never apply to but few and possibly only one county in the State. In that respect it is much like section 3261, Revised Statutes 1899, which latter section was intended to apply only to cities of a certain size "lying wholly in one township," and which law was declared unconstitutional in State ex rel. Kinsey v. Messerly, 198 Mo. 351.

When a vicious law is presented to the General Assembly, which would, if enacted, become applicable to several counties, such vicious law is most likely to meet with sufficient opposition to cause its defeat; but when a law of that character contains provisions which prevent it from becoming applicable to more than one county, it is most likely to be enacted without careful consideration by the legislators. This well-known fact probably furnished the reason for the constitutional inhibition against local or special laws where general laws can be made applicable. The fact that a law general in its language will not apply to more than one county does not necessarily render it invalid; but when language is inserted in an enactment which shows an unmistakable intention to restrict its operation to one or more counties, and there exists no sound reason for such restricted application, then it falls within the prohibition of section 53, article 4, Constitution of Missouri.

The fact that the law now in judgment contains language usually found in general statutes, such, for instance, as the words "in all counties in this State

which now constitute or may hereafter constitute a separate judicial circuit'' does not save it from the vice which adheres to special or local laws. The provisions which restrict its operations to those counties having no criminal court brands it as a special law and vitiates the whole section.

The law now under consideration is so framed as to have the appearance of a general law, but in its application it has all the elements of a special law. We, therefore, concur in the opinion of Division One (Hays v. Mining & Milling Co., 227 Mo. 288, 1. c. 300), and hold it invalid as a special law enacted where a general law could have been made applicable.

It will be observed that in the case of Hays v. Mining & Milling Co., supra, the invalidity of the law now in judgment was attacked on several grounds not urged in this case. We express no concurrence or dissent as to any of the views stated in the Hays case, supra, except such as relate to the sole issue presented in this appeal.

From what we have said it follows that the judgment of the trial court affirming the judgment of the justice court for a failure to pay a docket fee must be reversed and the cause remanded for a trial *de novo* in the circuit court. It is so ordered.

*Walker* and *Faris, JJ.,* concur.