# THE STATE OF MISSOURI, Appellant, v. FRANK B. LOGAN.

### Division Two, May 31, 1916.

1. **RECORDER OF DEEDS: Special Law: Applicable to Counties Having Two Circuit Courts.** The Act of March 25, 1913, Laws 1913, p. 709, the first section of which provides that in all counties "which now contain or may hereafter contain 80,000 or more inhabitants and less than 150,000 inhabitants, in which circuit court is held in two or more places in said county" the salary of the recorder of deeds shall be two thousand dollars, not only is a local or special act, but a general act on the subject could have been made applicable.

2. ———: ———: ———: **Judicial Notice: Additional Legislation Necessary.** The court takes judicial notice that there are three counties which have the population required by said act, but that there is only one (Jasper) with that population in which circuit court is held in two or more places, and that no other county now having or that may hereafter have that population can acquire the additional circuit courts without further legislation; and, hence, as the duties of the recorder are in no wise different in that one county from such officer's duties elsewhere, the act is class legislation.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*John T. Barker,* Attorney-General, *Lee B. Ewing,* Assistant Attorney-General, and *S. W. Bates* for the State.

(1) A statute duly enacted by the Legislature is presumed to be constitutional until the contrary appears beyond a reasonable doubt. State v. Cantwell, 179 Mo. 261; Ex parte Loving, 168 Mo. 203; State v. Aloe, 152 Mo. 477. (2) A legislative act general in its nature but creating certain classifications, based upon differences in population alone, is a valid act. Such

an act as the one here in question, relative to the fees of county officers, does not conflict with the Constitution, because the Constitution itself recognizes a classification for the purpose therein, based solely on population. The classification is not arbitrary or unreasonable. Constitution, sec. 12, art. 9; State ex inf. v. Tobacco Co., 177 Mo. 1; State ex rel. v. Marion County Court, 128 Mo. 442; State ex rel. v. Miller, 100 Mo. 439; State ex rel. v. Tolle, 71 Mo. 645. (3) The Act of 1913 (Laws 1913, pp. 709, 711) is prospective in its operation and applies to all counties now having or that may hereafter have the requisite population, and in which circuit court is held in two or more places. The act cannot be construed to apply only to the present time, nor can it be held local or special for such reason. Ex parte Lucas, 160 Mo. 230; State ex rel. v. Marion County Court, 128 Mo. 437. It is contended that the clause "in which circuit court is held in two or more places in said county" makes the act apply only to the present and prohibits it from being prospective in its operation. This is a very hypercritical view of the matter. By reading the clause immediately preceding it is plain that it was the intent of the lawmakers to make the act prospective in its operation. All the parts of the act must be construed together and the intent of the Legislature determined by such construction. Provisions very similar to the clause relative to circuit courts in the instant act have been held prospective in their operation and valid for that reason. State ex rel. v. Marion County Court, 128 Mo. 437; Ex parte Lucas, 160 Mo. 230. (4) A legislative act general in its terms, but operative in only one, or at most a few counties, by reason of exceptions and limitations therein, and the operation of which can only be extended to other counties by subsequent legislative action, is a special and local law and is violative of section 53, article 4, of our Constitution. Hays v. Mining & Milling Co., 227 Mo. 306; State ex rel. v. Messerly, 198 Mo.

351. (5) A law general in its terms, but which is restricted to a particular class, must be based upon a classification that is reasonable, and not upon a mere arbitrary division having no logical or reasonable relation to the purpose of the act. State ex rel. v. Southern, 177 S. W. 640; State ex rel. v. Roach, 258 Mo. 541; State ex rel. v. Miller, 100 Mo. 439; State v. Yates, 66 Ohio St. 546; Village of Bloomer v. Town, 128 Wis. 297; Strong v. Gigman, 207 Ill. 385; Grove v. County Court, 42 W. Va. 587; Fraley v. Phelan, 125 Cal. 185. If there is any reasonable relation between the duties of a recorder, probate judge and county collector, and the number of places in which circuit court is held in a particular county, then a classification based upon the number of places in which circuit court is held is a valid and a reasonable classification. Upon the other hand, if the duties of a probate judge, county collector and county recorder bear absolutely no relation to the number of places in which circuit court is held in a particular county, then such classification is purely arbitrary and not such as would form a valid basis for a law resting upon same.

*Thomas & Hackney* and *Gray & Gray* for respondent.

(1) Section 12 of article 9 of the Constitution provides that the General Assembly shall, by law uniform in its operation, provide for and regulate the fees of all county officers and for such purpose may classify the counties by population. By section 53 of article 4 the General Assembly is prohibited from passing any local or special law on the following subjects: "Regulating the affairs of counties," etc., "creating offices or prescribing the powers and duties of officers in counties," etc., and "where a general law can be made applicable no local or special law shall be enacted, and whether a general law could have been made applicable

in any case is hereby declared a judicial question, and as such shall be judicially determined without regard to any legislative assertion on the subject." The act on which this information is based violates all of the above provisions of the Constitution. The act purports to effect only the offices of collector, recorder, prosecuting attorney and probate judge, and as to such officers only in counties having at the time the act was passed or at any time thereafter, a population not less than 80,000 and not more than 150,000, and in which, at the time the act was passed, circuit court was held in more than one place. (2) The act as passed could only apply to Jasper County. While Buchanan and St. Louis Counties were within the limits of the population requirements, yet circuit court was held in only one place in said counties, and therefore they were excluded. Notwithstanding the office of the recorder of deeds of Jasper County has nothing whatever to do with the circuit court, yet, he is put in a class by himself and separated from the law governing the other 114 recorders in the State, simply because circuit court is held in more than one place in his county. This is certainly a special law. The true practical limitation of the legislative power to classify is that the classification shall be upon some apparent natural reason, some reason suggested by necessity by such a difference in the situation and circumstances of the subjects placed in different classes as suggest the necessity of different legislation with respect to them. State ex rel. v. Miller, 100 Mo. 439; State ex rel. v. Messerly, 198 Mo. 351; Bridges v. Mining Co., 252 Mo. 53; State ex rel. v. Roach, 258 Mo. 541; Hays v. Mining Co., 227 Mo. 288.

FARIS, P. J.—On the 4th of May, 1915, the prosecuting attorney of Jasper County filed in the circuit court of that county an information against the respondent, which consisted of three counts, similar each to the other, barring the names of the months severally set

out therein. The caption and formal parts omitted, the first count of said information is as follows:

"S. W. Bates, prosecuting attorney, within and for the county of Jasper and State of Missouri, upon his official oath informs the court that Frank B. Logan, on the 31st day of January, 1915, at said county of Jasper and State of Missouri, was then and there and had been since January 1, 1915, an officer duly elected and qualified under the Constitution and laws of the State of Missouri, to-wit, recorder of deeds of the said county and, by virtue of his office as such recorder of deeds, had the authority to collect and did collect the fees and public moneys which accrued to said office during said month of January, 1915, but that said defendant did, at the end of said month of January, 1915, unlawfully and wilfully, fail, refuse and neglect to pay over to the county treasurer of said Jasper County, all moneys collected by him as fees, under color and by virtue of said office during said time, as aforesaid, take two receipts therefor and file one with the county auditor of said Jasper County, and did then and there, unlawfully and wilfully fail, refuse and neglect to make out an itemized and accurate list of all fees in his said office which had been collected by him, under color and by virtue of said office, and a list of all fees due his office which had not been paid during said time aforesaid, give the name or names of the person or persons paying or owing the same and that he had been unable, after the exercise of diligence, to collect the part returned unpaid, and verify the same by affidavit, according to the statute in such cases made and provided, and against the peace and dignity of the State."

To this information and to each count thereof defendant filed his motion to quash, raising *inter alia* by this motion the constitutionality of an act approved March 25, 1913. [Laws 1913, p. 709.] The pertinent

portions of this motion to quash, caption and formal parts omitted, are as follows:

"Because each count in said complaint and information is based upon an alleged act of the Legislature of the State of Missouri approved March 25, 1913, and said act is unconstitutional for the reason that it is a special and local act and a general act could have been made applicable, and for said reason said act is in conflict with section 53 of article 4 of the Constitution of the State of Missouri.

"That said act is unconstitutional and violates said provision of the Constitution for the reason that it undertakes to fix the salary of the relator with reference to the number of places that circuit court is held in the county, while the office of the relator has nothing to do with the circuit court.

"That said act also violates said section of the Constitution because it makes no provision for similar counties in which circuit court may hereafter be held in more than one place."

The circuit court of Jasper County, when the motion to quash came on to be heard, sustained the same upon the ground that the act in question is unconstitutional and rendered judgment in due form quashing the information and discharging defendant. From this judgment of the circuit court the State has appealed.

Manifestly the only question for determination by us is the constitutionality *vel non* of the act in question, and to this our discussion will be limited.

It is conceded, we assume, by both the State and the defendant for the purposes of this case, that the information set out above and which was quashed by the learned court *nisi*, was erroneously quashed if sections 1 and 6 of the act of March 25, 1913 (Laws 1913, pp. 709, 710 and 711), are constitutional.

Suggesting (for that it is to a degree involved in the main point), but without deciding, the question whether section 6 does not either make a new and local

crime of divers and sundry acts and omissions already denounced by other general statutes, or make acts, or omissions to act crimes in Jasper County, which elsewhere in the State are not crimes, we come to the blunt question in this case: Is section 1 of the above act unconstitutional because violative of the prohibition against class legislation? This section reads thus:

"From and after the expiration of the term of office of the present incumbent, the following salaries per annum shall be paid the hereinafter named officers of all counties in this State, which now contain or may hereafter contain 80,000 or more inhabitants and less than 150,000 inhabitants, in which circuit court is held in two or more places in said county, viz: Collector of revenue, three thousand five hundred dollars; prosecuting attorney, three thousand five hundred dollars; judge of the probate court, two thousand dollars; recorder of deeds, two thousand dollars. All of said salaries to be paid in monthly installments on the first day of each month."

Since certain matters are judicially noticed by us, to-wit, (a) that only Buchanan, Jasper and St. Louis counties have populations between 80,000 and 150,000 but (b) that neither in St. Louis County nor in Buchanan County is circuit court held in two or more places, we come to notice judicially that the act in question now applies solely to Jasper County, wherein circuit court is held both at Joplin and at Carthage. We also know that while other counties may in time acquire the needed population to bring them within the act, they cannot without further or additional legislation acquire the requisite circuit courts, or places of holding circuit court so as to bring them within the act. [Hays v. Mining Co., 227 Mo. 288.] Likewise, we take notice of the nature of the duties which are by public statute required to be performed by recorders of deeds throughout the State, and know that these duties (absent at least another section of the act under discussion) are in nowise

different in Jasper County from such officer's duties elsewhere in the State.

Thus noticing the salient facts and the law applicable to them, and measuring these by the Constitution, is the act local or special? Judicially regarded, if it is local or special, could a general law be made to apply? We think both these questions must be answered in the affirmative; that, so far at least as regards the question intimately involved in this case, the law is local and special in a matter wherein, by reason of the facts, a general law can be made applicable. [Constitution 1875, sec. 53, art. 4.] So, also, other provisions of the act would seem to violate subdivision 15 of said section 53 of the Constitution, in that special duties are by the provisions of sections 3 and 4 of the act put upon the recorder of deeds of the county of Jasper, to which alone the act is applicable. But all these matters are in a way cognate to the question whether the act is so-called "class legislation," and forbidden by the Constitution. When we answer the latter question in the affirmative, as we do, other germane objections become merely academic. So, upon the bare statement of the case it seems so patent that it falls within that class of legislation discussed and banned by State ex rel. Garesche v. Roach, 258 Mo. 541; State v. Anslinger, 171 Mo. 600; State ex rel. v. Miller, 100 Mo. 439; State ex rel. v. Messerly, 198 Mo. 351; Bridges v. Mining Co., 252 Mo. 53; Hays v. Mining Co., 227 Mo. 288, and State ex rel. v. Southern, 265 Mo. l. c. 286, that further discussion would but use time and space, without shedding further light.

To hold without exception or limitation that the mere observance by the Legislature of matters of outward form, in that a given act scrupulously adheres in such matters to well-settled and permissible classifications, is to practically render nugatory the grant of power to the judiciary, by the makers of the Constitu-

tion, to determine as a judicial question the potential applicability of a general law. If it is within the power of the lawmaking body by a strict adherence to mere *permissible forms of classification* to make a special law constitutionally valid, then the provision for the judicial determination of the question of applicability manifestly becomes a dead letter. Clearly, questions of applicability of a general law must be resolved by the judiciary on the tests of the necessity of a local law, for that is what ''applicable'' refers to. In turn necessity must be resolved by a consideration of the difference in, ern, supra),.and is, we think, wholly subversive of the objects to be effected by the law. A mere arbitrary classification is both forbidden (State ex rel. v. Southern, supra), and is, we think, wholly subversive of the wise and far-sighted relegation to judicial determination of the matter of applicability of a general law.

Returning to the case at bar, there can be seen no valid way wherein the fact of the holding of the circuit court at two or more places in a county should in any material degree affect the office or duties of the office of recorder of deeds. Therefore, the rule of excusing an otherwise special law for necessity's sake fails wholly. So much therefore of the act under discussion (Laws 1913, pp. 709-711) as affects the recorder of deeds of Jasper County, is in our opinion unconstitutional for that it is a local or special law. It follows that defendant is guilty of no offense in refusing to observe the provisions of said act and that the judgment *nisi* must be affirmed. It is so ordered. All concur.