THE STATE ex rel. A. E. TAGGART, Clerk of Circuit Court, v. JOSEPH D. PERKINS et al., Judges of Circuit Court.

### In Banc, June 19, 1920.

CONSTITUTIONAL LAW: Applicable to One County. A proviso to an act declaring "that the provisions of this act shall not apply to any county which now contains or may hereafter contain eighty thousand and less than one hundred and fifty thousand inhabitants, in which circuit court is held in two or more places in said county," is a special law, applicable to only one county as certainly as if it had named Jasper County, and is unconstitutional; and being invalid, it affords no excuse for refusal to obey the rest of the act.

### *Mandamus.*

PEREMPTORY WRIT ISSUED.

*George V. Farris* for relator.

In the case of State v. Logan, 268 Mo. 169, the Supreme Court held unconstitutional the Act of 1913, Laws 1913, p. 709, relating to the office of recorder of Jasper County, because the same was class legislation. There could not be any difference whatever in the Logan

case and the case at bar, as the acts are couched in exactly the same language, and apply alike to the same County, viz., Jasper County and no other. Bridges v. Mining Co., 252 Mo. 53; Hays v. Mining Co., 227 Mo. 288; Henderson v. Koenig, 168 Mo. 356; Murnane v. St. Louis, 123 Mo. 479; State v. Anslinger, 171 Mo. 600; State ex rel., Kinsey v. Messerly, 198 Mo. 351.

WALKER, C. J.—This is a proceeding by mandamus brought in this court in which it is sought to compel the judges of the Circuit Court of Jasper County to approve or reject the appointment of the deputies of the Clerk of the Circuit Court of said county, to designate their number and fix their compensation and term of employment. The section of the statute the compliance with which is sought herein, is as follows:

"Every clerk of the circuit court shall be entitled to such number of deputies and assistants, to be appointed by such officials, with the approval of the circuit court, as such court shall deem decessary for the prompt and proper discharge of the duties of his office. The circuit court, in its order permitting the clerk to appoint a deputy or assistant, shall fix the compensation of such deputy or assistant, and shall designate the period of time such deputy or assistant may be employed. Every such order shall be entered of record, and a certified copy thereof shall be filed in the office of the county clerk. The clerk of the circuit court may, at any time, discharge any deputy or assistant, and may regulate the time of his or her employment, and the circuit court may, at any time, modify or rescind its order permitting any appointment to be made, and may reduce the compensation theretofore fixed by it." [Sec. 2, Laws 1915, p. 379.]

The respondents in their return challenge the right of relator to the relief sought on the ground that Jasper County is not within the purview of the Act of 1915 on account of the following provision in Section 1 of

same: *"Provided,* that the provisions of this act shall not apply . . . to any county which now contains or may hereafter contain eighty thousand inhabitants and less than one hundred and fifty thousand inhabitants, in which circuit court is held in two or more places in said county."

The relator contends that this proviso, in so far as it classifies Jasper County according to the number of places in which circuit court is held therein, is obnoxious to that portion of Section 53 of Article IV of the State Constitution, which provides in effect that the General Assembly shall not pass any local or special law when a general law can be made applicable.

This constitutional provision has frequently been construed as applied to classifications of this nature, with the result that such provisos as are here under review have been held purely arbitrary and hence violative of the Constitution. The reason for this conclusion being that a classification, to meet the requirements of the organic law, must, as applied to any subdivision of the State, be based upon natural present or prospective conditions of such subdivision and not to the possibilities of legislative action. A well recognized basis for such classification being the population of the subdivisions involved. This rule of construction, while definitely defining a present class, makes provision, within the range of reasonable probability, for the addition to the class created of other subdivisions of like nature, while a classification based upon legislative action leaves additions thereto wholly dependent upon conjecture.

The same proviso in the identical words as that at bar appears in an act approved March 25, 1913 (Laws 1913, p. 709) and was held by this court, in State v. Logan, 268 Mo. 169, to be invalid. The legislative acts in which these provisos are found are, it is true, different in purpose, that of 1913 prescribing the salary of certain county officers, not including the clerk of the circuit court, while that of 1915 is intended to regu-

late the appointment, etc., of the deputies and assistants of the latter officer. The purpose of the proviso in each, however, was the same, to more definitely fix the classification of the counties to which each act was to apply. The reasoning and conclusion in the Logan case, therefore, as to the invalidity of the proviso in the Act of 1913 applies with equal force to that in the Act of 1915.

State ex inf. Barker v. Southern, 265 Mo. 275, affords another illustration of an arbitrary or artificial classification, in which the court's ruling may not inappropriately be cited as a precedent in the case at bar. There was involved in the Barker case a construction of Section 10556, Revised Statutes 1909, which relates to the office of county highway engineer in which a classification of counties was attempted. After other limitations not pertinent here, it was provided that a county or counties containing 150 miles of macadamized roads outside of a municipal corporation should be included within the class to which the section was intended to apply. This proviso dealt exclusively with existing conditions as to its application, except as to the matter of population, as to which it purported to include such counties as might hereafter enter the particular zone of legislation. The proviso at the time of its enactment could not have applied to any other than Jackson County. Its terms negative any other basis for its enactment than an arbitrary prescription of a specific stage of the growth of the population of the county and a present particular kind and extent of road mileage, and a present payment of a certain salary of a county surveyor. These specifications as infallibly pointed out Jackson County (containing therein Kansas City) as if, instead of such circumlocution, the proviso had mentioned that county by name. The court, in the fur ther discussion of the question, said, l. c. 289:

"We recognize as a matter of judical knowledge and public history that when enacted this proviso could not have applied to any other county in this State. It

cannot be said that it created a future class into which other counties might fall, for an inspection of its language shows that the *determining* conditions of its application are expressed in words of present import. [State ex rel. v. Herrmann, 75 Mo. l. c. 352.]

"Our conclusion is that the final proviso of the section (in regard to macadamized roads) . . . affords convincing intrinsic evidence of its repugnancy to the provisions of the Constitution limiting the power of the General Assmbly to enact local or special laws, and that it should be expunged in the eye of the law from the section of the statute of which it forms the conclusion."

In Bridges v. Holdout Mining Co., 252 Mo. 53, it was attempted, in construing Section 4053, Revised Statutes 1909, to classify certain counties as a basis for authorizing the taxing of a docket fee upon the filing of a suit in the circuit court of such counties. In construing this section we held, in effect, that while it contains language usually found in general statutes, such, for instance, as the words "in all counties in this State which now constitute or may hereafter constitute a separate judicial circuit," this does not save it from the vice which inheres in local or special laws; but the provisions which restrict its operation to counties having no criminal courts brands it as a special law where a general law could have been made applicable.

The same issue as that presented in the Bridges case was ruled upon by this court in Hays v. Mining and Milling Co., 227 Mo. 288, in which we held, in construing an Act of 1901 (Laws 1901, p. 115) involving the same question which arose in the Bridges case, that the act was invalid for the reason stated in the latter case.

In State ex rel. Kinsey v. Messerly, 198 Mo. 351, in construing a statute (Sec. 3261, R. S. 1899) in which it was attempted to regulate the fees of justices of the peace in certain cities of a certain population wholly within one township and excepting cities operating un-

der special charters, the court held, page 356, that, "notwithstanding the language of the act purports in some respects to be a general law, the numerous exceptions in the proviso of 1899 pared it down until it was impossible for it to have the slightest effect on the fees and compensation of justice of the peace in any other township in the State. Indeed, the disguise is so flimsy that it needs neither argument nor citation of authorities to show that the proviso of 1899 was and is a mere local law applicable and intended to apply to Sedalia Township alone, and hence is in direct conflict with Section 53 of article 4 of the Constitution herein before recited The duties of a justice of the peace in a township containing a city of the specified inhabitants named in the Act of 1899, are identical in every particular with the duties of a justice of the peace of a township containing a city of like inhabitants operating under a special charter or a city not lying wholly within one township, so that the act might as well have applied to every city of a certain specified population containing a certain number of churches and school houses. We think the circuit court properly held that the proviso of 1899 to Section 3261, Revised Statutes 1899, was unconstitutional as a local and special law regulating the fees of justices of the peace.''

Rulings of like import to the foregoing will be found in the following cases: State v. Anslinger, 171 Mo. 600; Henderson v. Koenig, 168 Mo. 356; Murnane v. City of St. Louis, 123 Mo. 479.

We find that the proviso under review, in harmony with the foregoing rulings, is unconstitutional and of such a nature that it may be exercised by interpretation from the body of the act (Laws 1915, p. 378) without affecting the other portions of same. The result, therefore, of a ruling as to the invalidity of the proviso will be limited to its own terms. [State ex inf. v. Southern, 265 Mo. l. c. 390 and cases.]

From all of which it follows that our peremptory writ should issue herein, and it so ordered. All concur. *Woodson, J.,* absent.