R. H. DAVIS v. JASPER COUNTY, Appellant.—300 S. W. 493.

Court en Banc, December 2, 1927.

*Roy Coyne* and *Frank L. Forlow* for appellant.

*W. J. Owen* for respondent.

250

GANTT, J.—This case came to me on reassignment. This suit is to recover a balance of two thousand dollars with interest, claimed to be due plaintiff for salary as Prosecuting Attorney of Jasper County. It is alleged in the petition that the plaintiff is entitled to recover under Section 1005, Laws of 1913, page 108 (now Sec. 734, R. S. 1919). Defendant answered by pleading Section 1, Laws of 1913, page 709 (now Sec. 11080, R. S. 1919), providing a salary of $3500 per annum for the Prosecuting Attorney of Jasper County; that during his term of office the plaintiff was tendered by defendant, in monthly installments, the $3500 so provided; that he accepted said sum as and for his salary without protest or complaint; that since the close of his term of office on the 31st of December, 1920, he made no claim for additional compensation until May, 1922, at which time he claimed that Section 11080 was unconstitutional, and made claim for additional compensation under said Section 734, and that plaintiff having accepted same without protest thereby waived the question of the constitutionality of said statute and is estopped to assert the same. The reply was a general denial. Judgment was for said sum, and defendant appealed.

It is admitted that respondent was elected to the office of Prosecuting Attorney of Jasper County at the general election in 1918, for a term of two years, commencing on the first day of January, 1919; that he duly qualified as such officer and discharged the duties of the office during said time. Appellant paid respondent the sum of $3500 per annum under Section 11080, which section is as follows:

"From and after the expiration of the term of office of the present incumbent, the following salaries per annum shall be paid the

hereinafter named officers of all counties in this State which now contain or may hereafter contain 80,000 or more inhabitants and less than 150,000 inhabitants, in which circuit court *is held* in two or more places in said county, viz: collector of revenue, three thousand five hundred dollars; prosecuting attorney, three thousand five hundred dollars; judge of the probate court, two thousand dollars; recorder of deeds, two thousand dollars. All of said salaries to be paid in monthly installments on the first day of each month.''

The County Court of Jasper County and the respondent treated this statute as a valid law, and payment was made accordingly. The trial court held Section 11080 in so far as it affects the Prosecuting Attorney of Jasper County to be unconstitutional. Judgment was rendered under Section 734, which in part is as follows:

''On and after the first day of January, 1921, the prosecuting attorney shall receive for his services per annum, to be paid out of the county treasury, in all counties having a population of . . . fifty thousand and less than seventy thousand inhabitants the sum of five thousand dollars ($5000); in all counties having a population of seventy thousand and less than one hundred thousand inhabitants, and not containing a city of more than seventy-five thousand inhabitants, and in which circuit court is not held in more than one place, the sum of forty-five hundred dollars ($4500), to be paid monthly upon the warrant of the county court issued in favor of the prosecuting attorney to the county treasurer for that purpose.''

Section 1005, Laws 1913, pages 108, 109, was repealed by the Laws of 1919, pages 672-673, and a new section numbered 1005 enacted in lieu thereof, which new section is now Section 734, Revised Statutes 1919. It was provided in new Section 1005 that it was to take effect on and after the 1st of January, 1921. Respondent's term of office commenced on the 1st day of January, 1919, and ended on the 31st of December, 1920. It is contended by respondent that the Act of 1913, page 108, continued to be in force until the first of January, 1921, even though the Act of 1919, page 672, provided for its repeal; that the Act of 1919 is only an amendment of the Act of 1913, with only minor changes, and is but a continuance of the latter and the law dates from the passage of the first statute. As to this contention we express no opinion.

The population of Jasper County is such that it falls within the class of 70,000 and less than 100,000 inhabitants and the class of 80,000 and less than 150,000 inhabitants. If that part of Section 734 creating the class of 70,000 and less than 100,000 inhabitants is valid as written, then Jasper County does not fall within the class, for in that county circuit court is held in more than one place.

Respondent contends, and the trial court ruled, that the words in said classification, as follows, ''and not containing a city of more than

75,000 inhabitants and in which circuit court is not held in more than one place'' make of the classification a local and special law within the meaning of Section 53, Article IV, of the Constitution. The trial court further ruled that these words could be eliminated from the classification and the remainder be sustained as a valid law. With these words eliminated Jasper County falls within the class of 70,000 and less than 140,000 inhabitants; and if Section 11080 is unconstitutional, the Prosecuting Attorney of Jasper County was entitled to a salary of $4500 per annum instead of $3500 per annum. If the above words can be eliminated and a valid law remain, it is not explained why the words ''in which circuit court is held in two or more places in said county'' in Section 11080 cannot be eliminated and a valid law remain.

The question for determination is the constitutionality of Section 11080. If this section is constitutional, the judgment should be reversed. In 1913 the Legislature enacted a number of laws abolishing the fee-system plan of payment to county officials for their services; fixed their compensation at certain salaries and required them to pay fees collected into the county treasury. The section under consideration is one of these statutes. It is presumed to be a valid law, and unless its invalidity appears in such manner as to leave no reasonable doubt, we should not declare it unconstitutional. In the case of State ex inf. v. Southern, 265 Mo. 1. c. 286, we said:

''The rule that a statute relates to a class of persons or a class of things is general, while one which only applies to particular persons or things is special, has been generally announced in this and other jurisdictions. [State ex rel. v. Taylor, 224 Mo. 1. c. 477, 478, and cases cited; Elting v. Hickman, 172 Mo. 257, and cases cited; State. ex rel. Dickason v. County Court of Marion County, 128 Mo. 427; Lynch v. Murphy, 119 Mo. 163; State ex rel. Lionberger v. Tolle, 71 Mo. 1. c. 650.]

''It is, however, an essential adjunct of this rule that the classification made by the Legislature shall rest on a reasonable basis and not upon a mere arbitrary division made only for purposes of legislation. [State ex rel. v. Roach, 258 Mo. 1. c. 563; Hawkins v. Smith, 242 Mo. 1. c. 696.] When this is borne in mind, and a statute is enacted upon a basis justifying its classification and is made to apply to all persons who may hereafter fall within its purview, it is not special legislation.

''The clause of the statute now under review classifies the counties of the State as they should then and thereafter contain more than fifty thousand inhabitants, and should have then and thereafter taxable wealth exceeding forty-five million dollars, or as they should adjoin or contain then and thereafter a city of more than one hundred thousand inhabitants.

"It has been repeatedly decided in this State that classification according to population was sufficient to render an act containing such a classification a general law. [State ex inf. Crow v. Continental Tobacco Co., 177 Mo. 1; State ex rel. v. County Court, 128 Mo. l. c. 442; State ex rel. v. Bell, 119 Mo. 70.] Nor has the rule as to such a standard been altered by the fact that such an act has been found applicable only to one city. [State ex inf. Crow v. Fleming, 147 Mo. 1; State ex rel. v. Mason, 55 Mo. 486; State v. Keating, 202 Mo.. 197; State ex rel. v. Speed, 183 Mo. 186; Ex parte Lucas, 160 Mo. 218.]"

Jasper County is the only county having a population of over 80,-000 and less than 150,000 in which circuit court is held in more than one place. However, in Linn, Lafayette, Chariton, Randolph, Macon and Lewis counties circuit court is held in more than one place; and such was the condition at the time of the enactment of this section. The population of some of these counties may so increase that they will fall within this class—it may with reason be expected to happen. [State ex rel. Attorney-General v. Miller, 100 Mo. l. c. 450.] We have no doubt of the right of the Legislature to provide for a classification of this kind if the condition is such that the classification is not arbitrary and unreasonable. [State ex inf. v. Washburn, 167 Mo. 680; Hamman v. Coke Co., 156 Mo. 232; State ex rel. v. Marion County, 128 Mo. 427; Lynch v. Murphy, 119 Mo. 163.]

Is the classification arbitrary and unreasonable? An examination of the salary statutes enacted at the 1913 session of the Legislature indicates the purpose to create a distinction, based upon differences in population, responsibility assumed and labor exacted. The statute applies to all counties of a stated population in which circuit court is held in more than one place. It is insisted that the classification applies only to counties in which circuit court is held in the stated number of .places at the time the statute takes effect. We do not agree to this insistence. The words include all counties hereafter containing the stated population and in which circuit court is held at any time in the stated number of places. The Legislature by using the present tense—"is held"—had reference to the time the two requisites (stated population and stated number of places of holding court) unite to make the class—i. e. at any time when court is held in two or more places in a county having the stated population, said county falls within the class. [State ex rel. Dickason v. County Court of Marion County, 128 Mo. l. c. 442.]

The prosecuting attorney in the performance of his duties is brought in close relationship with the courts. The duties required of him in counties of 80,000 and not more than 150,000 inhabitants and in which court is held in two or more places may not be materially different in kind from such official duties in other counties, but certainly the duties call for more responsibility and labor. No doubt the Legislature in making this classification gave consideration to

254

this condition. We are confirmed in this belief by the fact that the Legislature in said act provided for the appointment of three assistants and a stenographer to aid him in the work. [Sec. 11081, R. S. 1919.] We note the salary of the prosecuting attorney in counties of 50,000 and less than 70,000 inhabitants is fixed at the sum of $5,000 without reference to the number of places in which court is held, and the salary of said officer in counties of 70,000 and less than 100,000 inhabitants and in which court is held in only one place is fixed at the sum of $4500 (Sec. 734, R. S. 1919), but in these classifications the Legislature did not provide for assistants and a stenographer. The existence of a necessity for assistants under these classifications is left to the judgment of the prosecuting attorney and the judge of the court. [Secs. 746, 754, R. S. 1919; now Laws 1921, p. 573, and Secs. 751, 759, and 765, R. S. 1919.] The amount of the salary fixed for each class is a question for the Legislature. It is not for the court to decide whether the law is just or unjust. We think a reasonable necessity for the classification existed, that it is not arbitrary and that it falls within the rule announced in the following cases: Attorney-General v. Miller, 100 Mo. 1. c. 447; State ex rel. v. Speed, 183 Mo. 186; State ex rel. v. County Court, 128 Mo. 1. c. 442, 443; Ex parte Loving, 178 Mo. 1. c. 210; State v. Swagerty, 203 Mo. 523; State ex rel. v. Burton, 266 Mo. 1. c. 720; State ex inf. v. Southern, 265 Mo. 1. c. 286; O'Connor v. Transit Co., 198 Mo. 1. c. 639; Haizlip v. Haizlip, 240 Mo. 1. c. 395, 396; Hicks v. Simonsen, 307 Mo. 1. c. 329, 330; Elting v. Hickman, 172 Mo. 1. c. 256, 257; State ex inf. v. Ins. Co., 150 Mo. 1. c. 135; Dunne v. Ry. Co., 131 Mo. 1.

Respondent directs our attention to the case of State ex rel. v. Williams, 232 Mo. 1. c. 72. The statute in that case fixed the salary of the prosecuting attorney at $2500 per annum in all counties whose population as ascertained by the United States Census of 1900 is 30,000 inhabitants and less than 50,000 inhabitants. It was correctly ruled to be unconstitutional, for the reason that no provision was made for its application to counties which may have had the required population at the date of the taking effect of the act or which might hereafter acquire such population. The statute under consideration in the case at bar does make provision for its application to all counties falling within the class at the time of the taking effect of the act and thereafter.

Respondent also directs our attention to the case of State v. Logan, 268 Mo. 169. In that case our Division Two had under consideration the constitutionality of Section 11080, Revised Statutes 1919. It was there ruled that so much of the act as affects the Recorder of Deeds of Jasper County was a local or special law and unconstitutional. We agree to the result, for the reason the recorder of deeds

has no connection with the courts, and the classification as to such officer is arbitrary and unreasonable. We do not agree that further legislation is necessary to bring all other counties within the class, for in six counties court is had in more than one place and such has been the condition for many years. The classification does not rest on future legislation. It should not be condemned as unconstitutional for the reason Buchanan and St. Louis counties have the stated population and additional legislation is necessary to bring them within the class. Should the Legislature deem it advisable, these and other counties will be provided with additional places of holding court, and with the stated population fall into the class. In the case of Hays v. Mining & Milling Co., 227 Mo. 228 (cited in the Logan case), we had under consideration a statute providing for a docket fee of three dollars in each case filed in court where the county was a separate judicial circuit with two judges and having no criminal court. It was there held that the statute violated Section 53 of Article IV of the Constitution, for the reason the statute applied solely to Jasper County and depended solely on future legislation to make provision for other counties to enter the class. It was noted that the statute did not even deal with conditions, courts or institutions, whereas the statute under consideration in the instant case does deal with conditions and courts and there was a reasonable necessity for its enactment. We do not think the Hays case is authority for condemning the statute.

Attention is next directed to the case of State ex rel. Taggart v. Perkins, 283 Mo. 161. This case involves the appointment of the deputies to the Circuit Clerk of Jasper County. In 1913 the Legislature provided for the appointment of deputies to the circuit clerk in counties which now contain or may hereafter contain 80,000 and less than 150,000 inhabitants and in which circuit court is held in two or more places in said county. [Laws 1913, p. 706; now Sec. 11081, R. S. 1919.] Jasper County falls within this class. In 1915 the Legislature provided for the appointment of deputies to the circuit clerks in numerous counties of a stated population, but provided that the provisions of the act did not apply to any county which now contains or may hereafter contain a city of 75,000 inhabitants or more, or to any county which now contains or may hereafter contain 80,000 and less than 150,000 inhabitants in which circuit court is held in two or more places in said county. [Laws 1915, pp. 378, 379; now Sec. 10995, R. S. 1919.] It was ruled on the authority of State v. Logan, 268 Mo. 169, that this proviso was unconstitutional. The circuit clerk and the prosecuting attorney bear similar relations to the court. If the classification is just and reasonable as to prosecuting attorneys, it is just and reasonable as to circuit clerks. The case of State ex rel. Taggart v. Perkins, supra, is overruled.

256

The following cases hold certain statutes unconstitutional in that they are local and special laws, but in these cases the statute appears either clearly local and special or the classification is so arbitrary and unreasonable that the conclusion necessarily follows they are local and special: State ex rel. Garesche v. Roach, 258 Mo. 541; State v. Anslinger, 171 Mo. 600; State ex rel. v. Messerly, 198 Mo. 351; Bridges v. Mining Co., 252 Mo. 53; Hays v. Mining Co., 227 Mo. 288; State ex rel. v. Williams, 232 Mo. 56; State ex inf. Barker v. Southern, 265 Mo. l. c. 288; State ex rel. v. Herrmann, 75 Mo. l. c. 352; State ex rel. Kehr v. Turner, 210 Mo. 77; State ex rel. v. Gordon, 236 Mo. l. c. 161.

The clause in Section 11080 relating to the office of recorder of deeds can be eliminated and leave a valid law fixing the salaries of the Prosecuting Attorney and Circuit Clerk of Jasper County. We hold that so much of the statute under consideration as affects the Prosecuting Attorney of Jasper County is a valid and constitutional law.

It follows the judgment should be reversed. It is so ordered. All concur, except *Blair, J.*, not sitting.