FILED 48
Honorable George W. Lehr State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Lehr:
The following opinion is in response to your questions as follows:
 "1. Should the Land Reutilization Authority (LRA) (Sections 92.700-92.920, V.A.M.S.) of the City of St. Louis be included within the scope of the audit of the City of St. Louis petitioned pursuant to Section 29.230.2, RSMo?
 "2. If not, is the LRA a `state agency' as defined in Section 29.200, RSMo, or a `political subdivision' as defined in Section 29.230.2, RSMo?
 "3. If LRA is a `political subdivision,' as defined in Section 29.230.2, RSMo, what geographical area incorporates the `qualified voters' eligible to petition for an audit of LRA pursuant to Section 29.230.2, RSMo?"
The Land Reutilization Authority of the City of St. Louis (the Authority) is authorized by the provisions of "The Municipal Land Reutilization Law," (the Act), Sections 92.700 to 92.920, RSMo Supp. 1973, and is created by ordinance in the City of St. Louis, Ordinance No. 56054 (December 1, 1971).
The Act has been described by the Supreme Court of Missouri inCollector of Revenue of the City of St. Louis v. Parcels of LandEncumbered with Delinquent Tax Liens Serial Numbers 1-047 and 1-048,517 S.W.2d 49 (Mo. 1974) at pp. 51-52:
 "MLRL establishes a procedure whereby qualifying cities can file suit to enforce tax liens in the circuit court. § 92.720. If judgment is entered in favor of the city, then the court orders the property sold by the sheriff and it fixes the time and place of the foreclosure sale. § 92.775. The land may be redeemed prior to sale by the owner or other interested party by paying the amount due. § 92.750. If at the sheriff's sale there is no bid equal to the full amount due including interest, penalties, attorney's fees and costs, the Land Reutilization Authority which is created by the statute is deemed to have bid the full amount. § 92.830. Title to any real estate which vests in the Land Reutilization Authority is held by it in trust for the tax bill owners and taxing authorities. § 92.835. The Land Reutilization Authority is created by the statute for the management, sale, transfer and other disposition of tax delinquent lands. The declared purpose is to return land which is in a nonrevenue generating nontax producing status to effective utilization in order to provide tax revenue for the city and to provide its citizens housing, new industry and jobs. § 92.875. The Authority consisting of three commissioners, § 92.885, has the duty of administering the tax delinquent lands by assuming possession and control of same and classifying the land as to its use into three classifications, to-wit: (a) suitable for private use; (b) suitable for use by a public agency; and (c) not usable in its present condition or situation and held as a public land reserve. § 92.900. The Authority is obligated to make every effort to sell the property at a price as close to its appraised value as possible, but in any event the Authority has the power, indeed the duty, to manage, maintain, protect, rent, lease, repair, insure, alter, sell, trade, exchange or otherwise dispose of any such real estate and assemble tracts or parcels for public purposes, such as parks. § 92.900"
The court, in Collector of Revenue of the City of St. Louis,supra at p. 54, observed:
 ". . . A city not within a county occupies a peculiar status as it performs not only municipal functions, but also county functions. In such a city, the delinquent taxes affected by MLRL (Municipal Land Reutilization Law) are not limited to taxes for municipal purposes, but include state taxes and city taxes levied and collected for carrying out of the county functions of the city. See Hull v. Baumann, 345 Mo. 159, 131 S.W.2d 721, 724[3] (1939). A city within a county is not involved in the collection of taxes for state and county purposes. . . ."
and
 ". . . If the purpose of the act is accomplished, the state and the city in the performance of its county functions as well as in the performance of its ordinary municipal functions will all benefit."
The Act provides that the Authority serves the City of St. Louis by performing the:
 ". . . public purpose of returning land which is in a nonrevenue generating nontax producing status, to effective utilization in order to provide housing, new industry, and jobs for the citizens of any city operating under the provisions of sections 92.700 to 92.920 and new tax revenues for said city." (Section 92.875.2)
In addition, it is clear that the Authority performs a governmental function which supplements the Collector of Revenue's duties to the City of St. Louis and to the other taxing authorities lying, in whole or in part, within the boundaries of the City of St. Louis. This "county function" of the Collector has been recognized judicially.State on Inf. of Barker v. Koeln, 192 S.W. 748 (Mo.Banc 1917).
In Opinion No. 98, Lehr, issued March 28, 1975 (copy enclosed), this office concluded that the State Auditor was authorized to include those public offices in the City of St. Louis performing a function comparable to a county within his audit of the "political subdivision" of the City of St. Louis.
Since the Supreme Court has held that the Authority performs a multiple function (city and county) comparable to the Collector of Revenue, it is our view that the reasoning of Opinion No. 98, 1975, is equally applicable to the Authority.
Therefore, it is our view that the State Auditor is authorized to include the Land Reutilization Authority of the City of St. Louis within his audit of the City of St. Louis because it is an office within the "political subdivision" of the City of St. Louis.
As a result, we answer your first question in the affirmative which precludes the necessity to respond to your other questions.
One further consideration is necessary. Subsection 92.900(5) states in part:
 ". . . There shall be an annual audit of the affairs, accounts, expenses, and financial transactions of such land reutilization authority by certified public accountant as of December thirty-first of each year, which accountants shall be employed by the commissioners on or before November first of each year, and certified copies thereof shall be furnished to the appointing authorities described in section 92.885 and shall be available for public inspection at the offices of such appointing authorities."
The possible consideration that this provision might constitute a special law which would nullify the application of Section 29.230.2, RSMo, to the Authority, as a part of the City of St. Louis, was rejected in a comparable situation, Consolidated School District No.1 of Jackson County v. Bond, 500 S.W.2d 18, 22 (Mo.Ct.App. at K.C. 1973).
CONCLUSION
The Land Reutilization Authority of the City of St. Louis (Sections92.700-92.920, V.A.M.S.) is an office within the "political subdivision" of the City of St. Louis, as the term is used in Section29.230.2, RSMo, and, therefore, the State Auditor is authorized to include it within his audit of the City of St. Louis.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Andrew Rothschild.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 98 3-28-75, Lehr